

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| KAYLEE GILSTRAP, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:22-01722-MGL-KFM |
| § | |
| KILOLO KIJAKAZI, *Acting Commissioner* § | |
| *of Social Security*, § | |
| Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

This is a Social Security appeal in which Plaintiff Kaylee Gilstrap (Gilstrap) seeks judicial review of the final decision of Defendant Kilolo Kijakazi (Kijakazi), Acting Commissioner of Social Security, denying her claim for supplemental security income benefits (SSIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Kijakazi's final decision to deny Gilstrap's claim for SSIB be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 13, 2023, but Gilstrap failed to file any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court that Kijakazi's final decision to deny Gilstrap's claim for SSIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 3rd day of April, 2023, in Columbia, South Carolina.

                s/ Mary G. Lewis
                MARY G. LEWIS
                UNITED STATES DISTRICT JUDGE